UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,               CRIMINAL NO. 24-cr-20267

v.

                                    HON. MATTHEW F. LEITMAN

ALEJANDRO FLORES-SANDOVAL,

        Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Susan E. Fairchild, Assistant United States Attorney for the District, respectfully submits this Sentencing Memorandum regarding Defendant Alejandro FLORES-SANDOVAL, who is scheduled to be sentenced on November 4, 2024.

The government recommends a sentence of 13 months, the mid-point of the applicable guideline range, as determined by the Court. The U.S. Probation Department has determined the guideline range to be 10-16 months (PSR, ¶ 54).

I.     PROCEDURAL BACKGROUND

Defendant Alejandro FLORES-SANDOVAL was charged in a criminal

1

complaint with Unlawful Re-Entry Following Removal; Fraud and Misuse of Identification Documents; False Claim to United States Citizenship and Illegal Alien in Possession of Ammunition. On May 21, 2024, he waived his right to Indictment and a four-count Information was filed, with the same charges. On July 30, 2024, FLORES-SANDOVAL entered a guilty plea pursuant to a Rule 11 Plea Agreement, to Count 4 of the Information – Alien in Possession of Ammunition. The Plea Agreement provided that the government would recommend a sentence not to exceed the midpoint of the guideline range as determined by the Court. The Plea Agreement also included that the parties recommend a 3-year term of supervised release following service of any custodial sentence imposed, with the special condition that FLORES-SANDOVAL not enter the United States or apply for admission to the United States without obtaining prior permission. Forfeiture of the firearm and ammunition was also included.

II.     FACTUAL BACKGROUND

Defendant is a 50-year-old native and citizen of Mexico. In January 2000, FLORES-SANDOVAL was arrested in Oklahoma. The incident involved FLORES-SANDOVAL attempting to transport 10 undocumented persons from Mexico to Chicago, Illinois. Each of the passengers paid $400 for the ride to Chicago, Illinois. FLORES-SANDOVAL was also undocumented. He was served with a Notice to

Appear and on February 2, 2000, he was ordered removed from the United States. He was removed to Mexico on the same day (PSR, ¶ 10).

On April 21, 2024, ICE officers traveled to Ecorse, MI, in search of FLORES-SANDOVAL.  They watched as he left the house and walked across the street and began to start work. Upon questioning by ICE officers, FLORES-SANDOVAL presented a Michigan Driver's License in the name of Julio ROMAN-DIAZ with a false date of birth. In his front coat pocket FLORES-SANDOVAL had an Iver-Johnson Arms .32 caliber revolver, loaded with five rounds (PSR, ¶ 11). FLORES-SANDOVAL told the ICE officers he was born in Puerto Rico and was a United States citizen.  FLORES-SANDOVAL also had a Social Security Card in the name of ROMAN-DIAZ, which had been legally issued in Puerto Rico in 1976. FLORES-SANDOVAL eventually revealed his true identity to the ICE officers.

The gun possessed by FLORES-SANDOVAL was examined by ATF and was determined to be an antique firearm, manufactured between 1894 and 1896.  The ammunition was manufactured outside the State of Michigan, and therefore, traveled in or affected foreign or interstate commerce.

III.    SENTENCING CALCULATION

    A.    Statutory Maximum Sentences

3

Count 4: Alien in Possession of Ammunition, in violation of 18 U.S.C. §922(g)(5)(A) not more than 15 years' imprisonment, a $250,000 fine, or both. Special Assessment $100. Class C felony.

B.  <u>Sentencing Guidelines Calculations.</u>

Defendant's guidelines are as follows:

*Base Offense Level*

USSG §2K2.1(a)(6)(A), Alien in Possession, Level is 14

Acceptance of Responsibility, USSG §3E1.1(a)   -2

Offense Level   12

*Criminal History Category*:

2007   Operate Uninsured Motor Vehicle   +0

Prior Convictions = 0 Points

Total is 0 points, Category I

The applicable guideline range is 10-16 months' imprisonment (PSR, ¶ 54)

IV. <u>GOVERNMENT'S RECOMMENDATION</u>

The government agrees with the guideline determination made by the U.S Probation Department. The government recommends the Court impose a sentence of confinement of 13 months, to be followed by a 3-year period of non-reporting supervised release. Such a sentence would recognize the seriousness of FLORES-SANDOVAL'S offense conduct, would take into consideration his past illegal entry

4

into the United States, his criminal conduct while in the United States and would serve as a deterrent to future criminal activity.

A three-year period of supervised release (non-reporting) would promote deterrence as FLORES-SANDOVAL would be subject to increased penalties if he returned to the U.S. illegally during that time period.  Further, this Court would have the opportunity to adjudicate FLORES-SANDOVAL'S case if he violated the terms of supervised release.

The government does not believe a sentence of time-served in this case would be sufficient to address FLORES-SANDOVAL'S actions. FLORES-SANDOVAL has only been incarcerated for 6 months, which is below the suggested guideline range of 10-16 months. It would not serve to deter him from returning to the United States, punish him from using the false identity and identification documents of another, or possessing a loaded gun.

V.     ANALYSIS OF 18 U.S.C. §3553(A) FACTORS

A sentence of 13 months, the mid-point of the guideline range calculated by the U.S. Probation Dept., appropriately takes into account the factors identified in 18 U.S.C. §3553(a), and, in view of the totality of the circumstances and facts of FLORES-SANDOVAL'S case, is reasonable.

<u>Nature and Circumstances of the Offense/History and Characteristics of Defendant</u>

5

The felony offense committed by FLORES-SANDOVAL, alien in possession of ammunition is serious. It carries a maximum term of imprisonment of 15 years. Congress specifically assessed heavy penalties to the offense of a prohibited person possessing a gun, because of the dangers involved. Like the other categories of prohibited persons listed in 18 U.S.C. §922(g), being an alien who is unlawfully in possession of a firearm presents its own dangers to others, and society as a whole. Because undocumented individuals are not entitled to purchase guns lawfully, they buy guns from non-legal sources or on street corners. Oftentimes those guns are stolen or have obliterated serial numbers. The lack of serial numbers on a gun presents a problem for law enforcement if the guns are used to cause harm. Tracing firearms without a serial number is not possible. Further, the guns may have been previously used in criminal activity. Lastly,due to language barriers undocumented persons may not understand the laws pertaining to guns, and their use and possession,.

In addition to possessing a loaded gun, FLORES-SANDOVAL also possessed fraudulent documents at the time of his arrest and attempted to fool law enforcement by providing a false name and date of birth. FLORES-SANDOVAL uses various alias names and false dates of birth (PSR, p.2). Such deceit reflects adversely upon his character and demonstrates his willingness to perpetrate a fraud on the united

6

States government to avoid detection by immigration authorities and ultimately deportation to his native country.

In addition, FLORES-SANDOVAL has a prior 2007 conviction for operating an uninsured motor vehicle. He also failed to have a driver's license and the vehicle had improper plates. FLORES-SANDOVAL gave a false name to the police at the time of his arrest. FLORES-SANDOVAL failed to appear for the arraignment on the criminal charges and a warrant was issued. He ultimately appeared and pleaded guilty to Operating Uninsured Vehicle. He was sentenced to 3 months' probation and a fine (PSR, ¶ 28). FLORES-SANDOVAL was also arrested for Battery/Assault in 1993 and Possession of Controlled Substance, Unlicensed Operating Vehicle, Uninsured Motor Vehicle, No Valid Registration in 2007. In 2007, he was arrested for Domestic Battery in Chicago, IL. That case was not prosecuted. FLORES-SANDOVAL also has an outstanding warrant for Domestic Violence in Ecorse, MI. (PSR, ¶36). That incident involved his wife, who claimed that FLORES-SANDOVAL assaulted her. FLORES-SANDOVAL gave the police the name of Julio Roman Diaz at the time of his arrest. FLORES-SANDOVAL failed to appear for a hearing in that case on March 20, 2024, and a warrant was issued.

Although this is FLORES-SANDOVAL'S first felony conviction, he has had numerous other contacts with law enforcement. His past conduct, and his current offense of possession of a gun and ammunition has caused potential harm and danger to others.

FLORES-SANDOVAL was born and raised in Mexico. He was raised by his paternal grandparents. FLORES-SANDOVAL does not have close relations with his siblings or his mother. FLORES-SANDOVAL came to the United States when he was 15 years old. He lived in Chicago. He is married and has been with his wife for over 30 years. She is a legal resident alien and works part-time. FLORES-SANDOVAL has four adult children. He was residing with his wife at the time of his arrest in Ecorse, MI. FLORES-SANDOVAL reports good health, other than a recent head injury from a fall. He has no history of mental health or emotional issues. FLORES-SANDOVAL denies any history of drug or alcohol abuse, however, he has an arrest for cocaine possession in 2007. FLORES-SANDOVAL has a sixth-grade education, but no additional vocational training. He reports being self-employed in construction at the time of his arrest (PSR, ¶ 50).

FLORES-SANDOVAL has a history of using fraudulent names, engaging in traffic offenses and domestic violence. These actions not only reflect his disrespect for the laws in the United States but reflect adversely upon his character. They

should be considered by the Court in imposing sentence. A sentence which promotes FLORES-SANDOVAL'S respect for the laws in this country and promotes deterrence is needed. A sentence of 13 months, to be followed by a 3-year term of supervised release is needed.

> Need for Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense and the Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct

Because this Court is obligated to impose a sentence necessary to reflect the seriousness of the offense, promote respect for the law and to provide just punishment for the offense, as well as a sentence to afford adequate deterrence to criminal conduct, a sentence of confinement of 13 months is warranted. A sentence of 13 months is sufficient, but not greater than necessary to achieve the goals of sentencing.

## VI. CONCLUSION

The Probation Officer has not identified any factors to warrant a departure from the applicable sentencing guideline range (PSR, ¶67). Likewise, the government has not identified any reason to depart. A sentence of 13 months, to be followed by a three-year period of non-reporting supervised release, should be imposed.

Respectfully submitted,

DAWN N. ISON
United States Attorney

s/Susan E. Fairchild (P41908)
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
(313) 226-9577
E-mail: susan.fairchild@usdoj.gov

Dated:   October 18, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.

Elias Escobedo, Attorney for Defendant

s/Susan E. Fairchild P41908
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI   48226
Phone: (313) 226-9577
E-mail: susan.fairchild@usdoj.gov

10